{¶ 20} I agree with the majority that Jeffery's first and second assignments of error must be overruled. However, because the video displayed before the jury contained evidence of Jeffery lawfully invoking his right to remain silent, the admittance of such evidence violated Jeffery's due process rights. Furthermore, the admission of such evidence may have been used impermissibly by the jury and was proper grounds for a new trial. Accordingly, I would sustain Jeffery's third assignment of error and reverse the decision of the trial court.
 {¶ 21} The United States Supreme Court has held that post-arrest, post-Miranda silence can not be used to impeach a defendant. Doyle v.Ohio (1976), 426 U.S. 610, 618, 96 S.Ct. 2240. In so holding, the Court stated that the Miranda warnings:
require that a person taken into custody be advised immediately that hehas the right to remain silent, that anything he says may be used againsthim, and that he has a right to retained or appointed counsel beforesubmitting to interrogation. Silence in the wake of these warnings may benothing more than the arrestee's exercise of these Miranda rights. Thus,every post-arrest silence is insolubly ambiguous because of what theState is required to advise the person arrested. See United States v.Hale, supra, 422 U.S. 171, 177, 95 Ct., at 2137. Moreover, while it istrue that the Miranda warnings contain no express assurance that silencewill carry no penalty, such assurance is implicit to any person whoreceives the warnings. In such circumstances, it would be fundamentallyunfair and a deprivation of due process to allow the arrested person'ssilence to be used to impeach an explanation subsequently offered attrial.
 {¶ 22} Id. at 617-619 (emphasis added). In Wainright v. Greenfield
(1986), 474 U.S. 284, 291, 106 S.Ct. 634, the Supreme Court expandedDoyle and held that the use of post-arrest, post-Miranda silence as substantive evidence also violated the due process clause. Relying onDoyle and Wainwright, the Ohio Supreme Court held that "[i]f `silence will carry no penalty' then allowing the State to use the defendant's decision to consult an attorney after the defendant was advised of his rights, violated the Due Process Clauses of the state and federal Constitutions." State v. Leach, 102 Ohio St.3d 135, 2004-Ohio-2147, at ¶ 18 (internal citations omitted).
 {¶ 23} In the case sub judice, the State entered into evidence a video tape showing Jeffery exercise his right to remain silent. Thereafter, without the provocation of the officers, Jeffery began to talk. While the portion of the video tape showing the voluntary statements Jeffery made to police after he invoked his rights is admissible, the portion showing him actually exercise his rights is not. As stated above, the use of post-Miranda silence is a violation of due process. Because that portion of the video was entered into evidence, the jury could have used Jeffery's exercise of his rights to reach impermissible conclusions. "References to prior silence in the presence of the jury inevitably precipitate the impermissible inference that a failure to deny an accusation of guilt, or assert its contrary, is an admission of the accusation's truth." State v. Sabbah (1982), 13 Ohio App.3d 124, 133, citing State v. Fields (1973), 35 Ohio App.2d 140, 144-146.
 {¶ 24} Also, Crim.R. 33(E)(3) provides that the admission or rejection of evidence will not be grounds for a new trial "unless the defendant wasor may have been prejudiced thereby." (Emphasis added.) The majority addresses only that portion of Crim.R. 33(E)(3) stating that a new trial will not be granted unless the defendant was actually prejudiced. However, the clear and unambiguous language used by the legislature in Crim.R. 33(E)(3) provides that the admission of evidence need only have given rise to a probability of prejudice.
 {¶ 25} As discussed above, the portion of the video showing Jeffery exercise his Fifth Amendment rights could have lead the jury to improper conclusions. Therefore, Jeffery's due process rights were violated, and the admission of the entire video into evidence, especially given the fact that the State could have edited out the offending portion, was proper grounds for a new trial. Accordingly, the third assignment of error should be sustained.